76666.0201

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| BETTY MORALES | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | Civil Action No. 5:17-CV-185 |
| | § | |
| TRAVELERS HOME AND MARINE | § | |
| INSURANCE COMPANY AND | § | |
| ANDREW TAYLOR | § | |
| | § | |
| Defendants | § | |

## DEFENDANT TRAVELERS HOME AND MARINE INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant TRAVELERS HOME AND MARINE INSURANCE COMPANY, ("Travelers" or "Defendant"), files its Notice of Removal of this action from the 225th Judicial District Court, Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, the Court for the District and Division encompassing the place where the lawsuit is currently pending. In support of this removal, Defendant relies upon the Appendix Filed in Support of Defendant's Notice of Removal filed contemporaneously herewith and shows the following:

### I.
### INTRODUCTION

1. On February 7, 2017, Plaintiff Betty Morales filed her original petition in the 225TH Judicial District Court, Bexar County, Texas captioned *Betty Morales v. Travelers Home and Marine Insurance Company and Andrew Taylor*, Cause Number 2017CI02277 (the "State Court Action").

2. Citation for the State Court Action was issued on February 9, 2017 and served on Defendant Travelers via Certified Mail on February 14, 2017.

1

76666.0201

## II.
## BASIS FOR REMOVAL

3. This Court has original jurisdiction over this State Court Action, pursuant to 28 U.S.C. §1332(a), because it is a civil action between citizens of different states where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

4. The Plaintiff's Original Petition does not specifically state a range of monetary damages sought, in violation of Texas Rule of Civil Procedure 47. Plaintiff alleges damages for breach of contract, bad faith, damages under Texas Insurance Code Chapter 541 and 542 giving rise to an 18% penalty and seeks exemplary damages. *See Exhibit A-1 page 10.* Accordingly, the amount in controversy in this matter meets and exceeds the federal jurisdictional minimum of $75,000, exclusive of interest and costs.

5. Plaintiff was at the time of the filing of this action, has been at all times since, and still is an individual resident citizen of Texas. For diversity purposes, an individual is a citizen of the state of her domicile, which is the place of her true, fixed, and permanent home and principal establishment, to which she has the intention of returning home whenever she is absent therefrom. *See Stine v. Moore,* 213 F.2d 446, 448 (5th Cir. 1954). Accordingly, Plaintiff is a citizen of Texas.

6. Defendant Travelers Home and Marine Insurance Company is a citizen of the State of Connecticut because it is a Connecticut corporation with its principal place of business in the state of Connecticut.

7. Defendant Andrew Taylor ("Taylor") was improperly joined, and therefore, his citizenship can be disregarded for purposes of diversity jurisdiction. For purposes of considering whether complete diversity jurisdiction exists, a court may disregard the citizenship of parties that have been

76666.0201

improperly joined. *Galveston Bay Biodiesel, L.P. v. Ace Am. Ins. Co.,* 719 F.Supp.2d 736, 738 (S.D. Tex. 2010)(citing *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 572-73 (5th Cir. 2004)).

8. Because the amount in controversy exceeds $75,000 and Plaintiff is a citizen of Texas while no properly joined defendant is a citizen of Texas, this Court has original jurisdiction over the present action pursuant to 28 USC §1332. Therefore, removal is proper.

9. "The citizenship of an improperly-joined defendant is disregarded for the purpose of diversity jurisdiction." *Griggs v. State Farm Lloyds,* 181 F.3d 694, 699-700 (5th Cir. 1999); *see also Heritage Bank v. Redcom Labs, Inc.,* 250 F.3d 319, 323 (5th Cir. 2001), *cert. denied,* 534 U.S. 997 (2001); *Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98, 101-02 (5th Cir. 1990). Improper joinder is established by showing: (1) actual fraud in pleading jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant. *See Smallwood v. Illinois Centr. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004)(en banc). When assessing the plaintiff's inability to establish a cause of action, the court conducts "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Guillory v. PPG Indus., Inc.,* 434 F.3d 303, 309 (5th Cir. 2005)(citing *Smallwood,* 385 F.3d at 573).

10. The claims against Taylor are nothing more than boilerplate. The plaintiff's factual allegations against Taylor are identical to allegations contained in other pleadings by Plaintiff's Attorney. *See Exhibits C, D, E and F.* In recent cases, courts have held that an adjuster, like Taylor, was improperly joined where the allegations against him were "mere conclusory allegations" and failed to allege facts that "would plausibly lead to the conclusion that plaintiff suffered any damage by reason of [the adjuster's] conduct." *Plascencia v. State Farm Lloyds,* 4:14-CV-00524-A, at *14

3

76666.0201

(N.D. Tex. Sept. 25, 2014.)[1]; see also *Young v. Travelers Personal Security Ins. Co., et al*, 4:16-CV-235, 2016 WL 4208566 (S.D. Tex August 10, 2016); *Johnson v. The Travelers Home and Marine Ins. Co.*, No. H-16-449, 2016 WL 4061146 (S.D. Tex. July 29, 2016).

11. Additionally, there can be no recovery against "Andrew Taylor" as no person by that name was in any way involved in the adjustment of Plaintiff's claims with Defendant Travelers.

12. In addition, there is no plausible recovery against Taylor on the breach of contract and breach of the duty of good faith and fair dealing claims alleged against him. Plaintiff's Original Petition in the State Court Action does not allege the existence of a contract between Taylor and the Plaintiff, a necessary element for both breach of contract and breach of the duty of good faith and fair dealing claims. *See e.g. Griggs v. State Farm Lloyds,* 181 F.3d 694, 700-01 (5th Cir. 1999).

13. In addition, there is no plausible recovery against Taylor on any claims alleging misrepresentation or fraud. A plaintiff alleging fraud is required to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Federal Rule of Civil Procedure 9(b) demands that the plaintiff "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564-65 (5th Cir. 2002). Rule 9(b) applies to all averments of fraud, whether they are a claim of fraud or statutory claims based on allegations of fraud. *Omni USA, Inc. v. Parker-Hannifin Corp.*, 789 F.Supp.2d 831, 836 (S.D. Tex. 2011) *citing Lone Star Ladies Inv. Club v. Scholtzsky's, Inc.,* 238 F.3d 363, 368 (5th Cir. 2001). Plaintiff's Original Petition in the State Court Action does not specify any statements that are alleged to be fraudulent, who made the statements, state when and where the statements were made, nor explain why the statements are fraudulent.

---

[1] A copy of the *Plascencia* opinion is not available on Westlaw and is therefore attached for reference as Exhibit B.

76666.0201

14. Accordingly, because the allegations against Taylor are conclusory and made solely to destroy diversity jurisdiction, Taylor's citizenship should be disregarded because he was improperly joined.

15. Taylor's consent to this removal is not required because he was improperly joined. *See Rico v. Flores,* 481 F.3d 234, 239 (5th Cir. 2007)("[A] removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined."); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). Additionally, Taylor has not been properly served prior to the filing of this removal. 28 USC §1446(b)(2).

16. This action may be removed to this Court pursuant to 28 USC §1441(a), which allows for the removal of any civil action brought in the state court of which the District Courts of the United States have original jurisdiction, by the defendant or the defendants, to the District Court of the United States for the district and division embracing the place where such action is pending.

17. This Notice of Removal is filed within thirty (30) days after service (on February 14, 2017) by Defendants of the State Court Action. This Notice of Removal is also been filed within one year of the filing of Plaintiff's Original Petition by which the State Court Action was commenced. This Notice, therefore, if timely filed pursuant to 28 USC §1446 (b).

### III.
### PROCEDURAL REQUIREMENTS

18. In accordance with 28 USC section 1446 (D), Defendants will promptly give written notice of this Notice of Removal to Plaintiffs through counsel of record and file a copy of this Notice of Removal in the 225th Judicial District Court, Bexar County, Texas.

19. Defendants reserve the right to amend or supplement this Notice of Removal.

76666.0201

20. The following are included in the Appendix filed contemporaneously with this Notice of Removal:

(a) an index of all documents that clearly identifies each document and indicates the date the document was filed in the State Court Action;

(b) a copy of each document filed in the State Court Action, except discovery material, arranged in chronological order according to the state court filing date; and

(c) a separately filed JS-44 Civil Cover Sheet.

For the above reasons, Defendants give notice of the removal of the State Court Action to this Court and respectfully request that this action proceed before this Court as though it had originally been instituted in this Court.

Dated: 10 March, 2017

Respectfully submitted,

ADAMI, SHUFFIELD, SCHEIHING
    & BURNS, P.C.
9311 San Pedro, Suite 900
San Antonio, Texas 78216
Telephone (210) 344-0500
Telecopier (210) 344-7228
bscheihing@adamilaw.com

By: *Robert F. Scheihing*
ROBERT F. SCHEIHING
State Bar No. 17736350

ATTORNEY FOR DEFENDANTS

76666.0201

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the above and foregoing document has been forwarded to the following counsel of record in compliance with the Federal Rules of Civil Procedure this _10_ day of March, 2017:

Thomas Furlow
Furlow Law Firm, PLLC
1032 Central Parkway South
San Antonio, Texas 78232
tfurlow@furlowlawfirm.com

                                               _/s/ Robert F. S_____
                                              ROBERT F. SCHEIHING