UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| BETTY MORALES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | Civil Action No.  SA-17-CA-185-XR |
| ) | |
| TRAVELERS HOME AND MARINE ) | |
| INSURANCE COMPANY and ) | |
| ANDREW TAYLOR, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**REMAND ORDER**

On this date, the Court considered its jurisdiction over this case.  This Court has a duty to examine its subject matter jurisdiction, and must do so *sua sponte* when necessary.  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

Plaintiff sues Travelers Home and Marine Insurance Company and Andrew Taylor based on a homeowners insurance dispute.  The Petition alleges that "Defendant, TRAVELERS INSURANCE COMPANY is Plaintiff's homeowners' insurance company," that, during the term of the policy, Plaintiff sustained covered losses in the form of storm damage and gave timely notice of the claim, and that Defendant assigned Taylor as the individual adjuster on the claim.  Plaintiff asserts various claims against Travelers and Taylor.  Travelers removed this case, alleging diversity jurisdiction. Although the presence of Defendant Taylor destroys diversity because both he and Plaintiff are Texas citizens, Travelers asserts that Taylor is improperly joined such that his citizenship should be disregarded.  In addition to challenging the sufficiency of Plaintiff's pleadings, Travelers challenges the factual assertion that Taylor adjusted the underlying claim.

The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper.  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). A removing party can establish federal jurisdiction based on 28 U.S.C. § 1332 by demonstrating that an in-state

defendant has been "improperly joined." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). To establish improper joinder, a removing party must show an "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). A plaintiff cannot establish a cause of action against an in-state defendant if there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573.

A court may resolve the issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. However, in some cases a plaintiff may state a claim, but misstate or omit discrete facts that would determine the propriety of joinder, in such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Smallwood*, 385 F.3d at 573. A summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude Plaintiff's recovery against the in-state defendant. *Id.* at 574. In this inquiry, the motive or purpose of the joinder of in-state defendants is not relevant. *Id.* at 574.

Under *Smallwood*, not only is the initial burden on the defendant to show the complaint fails to state a claim, but if the court elects in its discretion to pierce the pleadings and conduct a summary inquiry, the burden remains with the defendant. *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 2 (5th Cir. 2013). In support of their removal petition, defendants "may submit affidavits and deposition transcripts." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 311 (5th Cir. 2005).

With regard to the 12(b)(6)-type inquiry, the Court has held in related case *Morales v. Travelers*, No. SA:17-CV-184, that identical allegations were sufficient to survive a 12(b)(6) inquiry. In that case, Plaintiff made the same allegations against Taylor and another adjuster, Burkett. In this case, only Taylor is named.

Defendant makes the conclusory assertion that no one named Andrew Taylor adjusted Plaintiff's claim, but provides no evidence in support of this assertion, such as an affidavit (which would not require any discovery), nor does it provide the name of the actual adjuster so that it may be determined whether this is simply a typographical error or misnomer issue, nor does it allege that

the actual adjuster is not a Texas citizen.  Assuming Plaintiff has mis-named the adjuster, presumably the petition would be amended to state the same claims against the adjuster, who may also be a Texas citizen that would destroy diversity.

"When 'a complaint states a claim that satisfies 12(b)(6), but has "misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry."'" *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016).  Because Travelers has not provided any evidence to disprove whether Taylor adjusted the claim, as is its burden, and because Travelers has not asserted that the adjuster is not a Texas citizen regardless, the Court exercises its discretion and declines to conduct a summary inquiry.  *Id.* ("the procedure necessary in a given case must lie within the discretion of the court").

## Conclusion

The Court finds that diversity jurisdiction is lacking.  This case is therefore REMANDED pursuant to 28 U.S.C. § 1447(c),(d) for lack of subject matter jurisdiction.

It is so ORDERED.

SIGNED this 3rd day of May, 2017.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE